OSCN Found Document:IN RE: OKLAHOMA COURTROOM INTERPRETERS

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 IN RE: OKLAHOMA COURTROOM INTERPRETERS
2014 OK 45
Decided: 06/02/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 45, __ P.3d __
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN RE: APPROVED EXAMINATIONS AND INTERIM RECIPROCITY AND PROVISIONAL QUALIFICATIONS OF OKLAHOMA COURTROOM INTERPRETERS

Order 

The Oklahoma Supreme Court is committed to ensuring equal access to justice for all individuals regardless of their ability to communicate in the spoken English language. Spoken language interpreters play an essential role in ensuring due process and helping court proceedings function efficiently and effectively. To further this important goal, the Court orders the following interim rules until permanent rules may be established. These interim rules shall be codified as Rules 1 - 9 in a new appendix II to Chapter 23 of Title 20 of the Oklahoma Statutes in the attachment hereto.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 2nd DAY OF JUNE, 2014.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR 

Chapter 23 - Courtroom Interpreters and Translators

Appendix II. - Interim Rules

Rule 1. Oklahoma Certification Program

The court interpreter credentialing process developed by the National Center for State Courts (hereinafter the "NCSC") is widely recognized as the industry standard for certification of courtroom interpreters by state courts. It is in the best interest of the Oklahoma courts to implement a credentialing process which is in line with the nationally recognized certification standards. Such an approach will better equip Oklahoma to participate in future language access initiatives, including national Video Remote Interpretation (VRI) and reciprocal recognition of certifications granted by other state courts. Accordingly, the Oklahoma Board of Examiners of Certified Courtroom Interpreters (hereinafter the "Board") shall develop and implement a certification program for spoken language interpreters in the Oklahoma courts based upon the credentialing examinations and standards approved by the NCSC (also known as the Consortium for Language Access in the Courts).

Rule 2. Authorized Examinations for Oklahoma Interpreter Certification

To satisfy the oral examination requirements specified in 20 O.S. §1703(B)(Part 1) the Board shall administer the NCSC Court Interpreter Oral Examination for the language being certified. To satisfy the written examination requirements specified in 20 O.S. §1703(B)(Part 2 and Part 3), the Board shall administer the NCSC Court Interpreter Written Examination in its entirety, which shall satisfy the requirements of both Part 2 and Part 3. Notwithstanding any other provision of law, the Board shall not require candidates to achieve scores on either the oral or written exam which are higher than the passing scores recommended by the NCSC.

Rule 3. Rules and Procedures

The Board shall develop rules and procedures necessary for implementing the Oklahoma courtroom interpreter certification program. All actions of the Board in developing the Oklahoma courtroom interpreter certification program shall be supervised by, and subject to the approval of, the Oklahoma Supreme Court.

Rule 4. Certification by Reciprocity

To assist the courts in providing qualified language interpreters while Oklahoma's courtroom interpreter credentialing program is under development, a certification process based upon reciprocity is hereby authorized. This process shall allow candidates to apply for reciprocity and be recommended by the Board for official enrollment as certified courtroom interpreters in Oklahoma. A certification granted pursuant to this process shall qualify the interpreter to act as a certified courtroom interpreter in both translation of written text and interpretation of spoken words in the language certified. The interim reciprocity process outlined herein shall be superseded by the Board's permanent credentialing process and reciprocity rules. However, an interpreter who has been granted reciprocity pursuant to this interim process shall retain the status of certified courtroom interpreter after the passage of the Board's final rules, subject to the ongoing requirements, including certificate renewal, orientation training, and continuing education, which are enacted by the Board.

Rule 5. Reciprocity Requirements

To qualify, reciprocity candidates shall meet the following requirements to the satisfaction of the Board:

a. Complete an application form,
b. Pass a background check,
c. Pay an application fee in the amount of $100.00,
d. Agree in writing to comply with the Code of Professional Responsibility for Interpreters in the Oklahoma Courts, and
e. Prove that they hold a current certification by at least one of the following credentialing authorities:
i. The Federal Court Interpreter Certification Examination Program (FCICE),
ii. Another state court which administers certification examinations developed by the NCSC,
iii. The National Association of Judiciary Interpreters and Translators (NAJIT) Spanish interpreter certification, or
iv. For interpreters for the deaf and hard-of-hearing, any of the "qualified legal interpreter" certifications specified in 63 O.S. §2408.

Rule 6. Provisional Interpreter Status 

To further assist the courts in providing qualified language interpreters while Oklahoma's courtroom interpreter credentialing program is under development, the Board is authorized to grant provisional status to certain interpreters who possess minimum verified qualifications. Candidates who do not qualify for reciprocity certification may apply to be included on a list of interpreters in Oklahoma who qualify for provisional status. An interpreter who has been granted provisional status may act as a courtroom interpreter in both translation of written text and interpretation of spoken words in the interpreter's specialty language only when a certified interpreter is not available. The process of granting provisional status as provided herein shall be superseded by the Board's permanent credentialing process, and the Board shall cease granting provisional interpreter status in languages for which Oklahoma certification is available. An interpreter with provisional status shall be required to obtain certification within two (2) years from the date the Board first offers an Oklahoma certification in that language.

Rule 7. Mandatory Audio Recording Requirement 

Use of an interpreter with provisional status shall not suppress the mandatory audio recording requirement in 20 O.S. §1710.

Rule 8. Requirements for Provisional Status

To qualify for provisional status, candidates shall meet the following requirements to the satisfaction of the Board:

a. Complete an application form,
b. Pass a background check,
c. Pay an application fee in the amount of $100.00,
d. Agree in writing to comply with the Code of Professional Responsibility for Interpreters in the Oklahoma Courts, and
e. Possess one or more of the following:
i. A four (4) year college degree in the language for which provisional status is requested,
ii. Provisional status, or a similar credential from another state court which, in the discretion of the Board, establishes the candidate is qualified for provisional status in Oklahoma, or
iii. Experience providing professional language services in the courtroom setting which, in the discretion of the Board, establishes that the candidate is qualified for provisional status.

Rule 9. Registry

A list of certified and provisional interpreters shall be maintained by the Board and shall be made available on the Supreme Court's website.





 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 Title 20. Courts Cite
Name
Level 20 O.S. Rule 1, Oklahoma Certification Program
Cited 20 O.S. Rule 2, Authorized Examinations for Oklahoma Interpreter Certification
Cited 20 O.S. Rule 3, Rules and Procedures
Cited 20 O.S. Rule 4, Certification by Reciprocity
Cited 20 O.S. Rule 5, Reciprocity Requirements
Cited 20 O.S. Rule 6, Provisional Interpreter Status
Cited 20 O.S. Rule 7, Mandatory Audio Recording Equipment
Cited 20 O.S. Rule 8, Requirements for Provisional Status
Cited 20 O.S. Rule 9, Registry
Cited
Citationizer: Table of Authority
Cite
 Name
 Level
 None Found.