OSCN Found Document:RULES OF STATE BD. OF EXAMINERS OF CERTIFIED COURTROOM INTERPRETERS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 RULES OF STATE BD. OF EXAMINERS OF CERTIFIED COURTROOM INTERPRETERS
2015 OK 2
Decided: 01/12/2015
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2015 OK 2, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN RE: RULES OF THE STATE BOARD OF EXAMINERS OF CERTIFIED COURTROOM INTERPRETERS

ORDER

The Supreme Court of Oklahoma hereby adopts the Rules of the State Board of Examiners of Certified Courtroom Interpreters, submitted to this Court with the unanimous approval of the Board of Examiners of Certified Courtroom Interpreters and set out in the attachment hereto. These rules shall be codified as Rules 1 - 24 in Appendix II to Chapter 23 of Title 20 of the Oklahoma Statutes. These rules will replace the Interim Rules currently codified at Title 20, Ch. 23, Appendix II, which are hereby withdrawn.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 12th DAY OF JANUARY, 2015.

/S/CHIEF JUSTICE

REIF, C.J., COMBS, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, COLBERT, and GURICH, JJ., concur.

TAYLOR, J., dissents.

 

 

TITLE 20 - Courts
CHAPTER 23 - Courtroom Interpreters

Appendix II - Rules of the State Board of Examiners of Certified Courtroom Interpreters

Rule 1. Administration

Rule 2. Levels of Courtroom Interpreter Credentials

Rule 3. General Requirements for Eligibility

Rule 4. Authorized Examinations for Oklahoma Courtroom Interpreter Credentialing

Rule 5. Registered Courtroom Interpreter Requirements

Rule 6. Orientation Training Program

Rule 7. Court Interpreter Written Examination

Rule 8. Foreign Language Basic Proficiency Assessment

Rule 9. Agreement to Comply with Code of Professional Responsibility

Rule 10. Fees

Rule 11. Certified Courtroom Interpreter Requirements and Oral Interpreter Examination

Rule 12. Sign Language Interpreters

Rule 13. Certification by Reciprocity

Rule 14. Background Checks

Rule 15. Notification of Results of Examination

Rule 16. Enrollment

Rule 17. Abbreviations

Rule 18. Certificate Renewal

Rule 19. Continuing Education

Rule 20. Annual Continuing Education Report

Rule 21. Standards Governing Approval of Continuing Education Programs

Rule 22. Voluntary Inactive Certificate Status

Rule 23. Electronic Mail

Rule 24. Immunity

TITLE 20 - Courts
CHAPTER 23 - Courtroom Interpreters

Appendix II - Rules of the State Board of Examiners of Certified Courtroom Interpreters

Rule 1. Administration

The examination of candidates who seek to attain the status of Registered Courtroom Interpreters and Certified Courtroom Interpreters, and the general administration of Oklahoma courtroom interpreter credentials, shall be under the direction and control of the Oklahoma State Board of Examiners of Certified Courtroom Interpreters (hereinafter "the Board"). Pursuant to Section 1702 of Title 20 of the Oklahoma Statutes, the following Rules are adopted.

The Board designates and authorizes the Director of the Administrative Office of the Courts to receive and accept on behalf of the Board any notice, submission or other correspondence referenced in these rules.

Rule 2. Levels of Courtroom Interpreter Credentials 

The following levels of courtroom interpreter certifications are hereby recognized in the Oklahoma courts: Certified Courtroom Interpreters and Registered Courtroom Interpreters. In addition, the Board may maintain a list of Provisional Status Interpreters as provided below.

a) A "Certified Courtroom Interpreter" (also referred to herein as a "Certified Interpreter") is a foreign language interpreter who has achieved certification - the highest credential for courtroom interpreting in Oklahoma -- pursuant to the requirements of these Rules, and who holds a current certification status with the Board.

1) Certified Interpreters are identified on the Oklahoma Courtroom Interpreter registry which is maintained by the Administrative Office of the Courts and which may be posted on the Supreme Court's website.

2) An interpreter certified pursuant to these Rules is qualified to act as a courtroom interpreter in both translation of written text and interpretation of spoken words in the language certified.

b) A "Registered Courtroom Interpreter" (also referred to herein as a "Registered Interpreter") is a foreign language interpreter who has not achieved certification, but has met the professional competency standards set forth in these Rules, and who holds a current registration status with the Board. Registered Interpreters hold the second highest credential for courtroom interpreting in Oklahoma.

1) Registered Interpreters are identified on the Oklahoma Courtroom Interpreter registry which is maintained by the Administrative Office of the Courts and which may be posted on the Supreme Court's website.

2) An interpreter who has achieved the status of Registered Courtroom Interpreter pursuant to these Rules is qualified to act as a courtroom interpreter in both translation of written text and interpretation of spoken words in the language certified when a Certified Courtroom Interpreter is not available.

c) A "Provisional Status Interpreter" (also referred to herein as a "Provisional Interpreter") is a foreign language interpreter who has not achieved certification or registration but has met certain minimum verified requirements as previously authorized by the Supreme Court in its Interim Rules previously promulgated by Order No. SCAD 2014-31 (2014 OK 45). Provisional Interpreters do not possess an official certification and have not achieved the higher levels of training and qualifications required of Registered and Certified Interpreters.

1) To qualify for provisional status, candidates shall meet the general requirements for eligibility, as provided in Rule 3 below, and shall meet the following requirements, to the satisfaction of the Board:

a) Complete an application form,
b) Pass a background check,
c) Pay an application fee in the amount of $100.00,
d) Agree in writing to comply with the Code of Professional Responsibility for Interpreters in the Oklahoma Courts, and
e) Possess one or more of the following:

i. A four (4) year college degree majoring in the language for which provisional status is requested (the applicant's academic major must be the foreign language to be interpreted),
ii. Provisional status, or a similar credential from another state court which, in the discretion of the Board, establishes the candidate is qualified for provisional status in Oklahoma, or
iii. Experience providing professional language services in the courtroom setting which, in the discretion of the Board, establishes that the candidate is qualified for provisional status.

2) Provisional Interpreters are listed on the active Provisional Interpreter registry which is maintained by the Administrative Office of the Courts and which may be posted on the Supreme Court's website.

3) Subject to the provisions of 20 O.S. §1710, a Provisional Interpreter may act as a courtroom interpreter in both translation of written text and interpretation of spoken words only when a Certified or Registered Interpreter is not available.

4) The purpose of the interim provisional-status process is to assist the Oklahoma courts in providing qualified language interpreters while Oklahoma's courtroom interpreter credentialing program is under development. It is intended that the granting of the provisional status credential shall be superseded by the Board's permanent credentialing process when it becomes available. The Board, in its discretion, may recommend that the Supreme Court stop accepting applications for provisional status in one or more languages at any time. The Board shall cease accepting provisional status applications when an Oklahoma registration or certification credential becomes available in that language.

5) An interpreter with provisional status shall be required to achieve an Oklahoma interpreter credential (Oklahoma registration or certification) within two (2) years from the date the Board first offers Oklahoma credentialing in that language (in most instances, this will be two (2) years from the date the Board first offers the written interpreter exam and basic proficiency assessment for applicants seeking credentialing in that language). If the interpreter fails to achieve Oklahoma registration or certification as required by this paragraph, his or her provisional status shall expire automatically, without further action of the Board, and the interpreter's name shall be removed from the registry maintained by the Administrative Office of the Courts. An interpreter who fails to achieve Oklahoma registration or certification within the time period required by this paragraph may not re-apply for further provisional status.

6) If approved by the Board, a Provisional Status Interpreter may receive a one-time credit in the amount paid for his or her provisional application fee, to be applied to the fees required for Oklahoma registration or certification.

7) The Board may recommend that the Supreme Court remove a Provisional Status Interpreter from the registry if the Board, in its sole discretion, determines that such action would be in the best interest of the courts. The Board may recommend that the Supreme Court discontinue maintaining the list of Provisional Status Interpreters in one or more languages if the Board determines that such action would be in the best interest of the courts.

8) Use of an interpreter with provisional status shall not suppress the mandatory audio recording requirement in 20 O.S. §1710.

Rule 3. General Requirements for Eligibility

a) Every candidate who seeks to attain the status of Registered or Certified Courtroom Interpreter shall:

1) Prove to the satisfaction of the Board that he/she is:

a) of legal age;
b) meets the requisite standards of ethical fitness; and
c) has at least a high school education, or the equivalent thereof; and

2) Submit to the Board properly completed application forms, accompanied by such evidence, statements or documents as are required by the Board, along with payment of the fees required by the Board and approved by the Supreme Court.

b) Academic dishonesty during the examination process will result in the applicant's disqualification, and the applicant may not take the examination again until five (5) years have elapsed from the date of the examination at which the applicant is disqualified.

Rule 4. Authorized Examinations for Oklahoma Courtroom Interpreter Credentialing

a) The court interpreter credentialing process developed by the National Center for State Courts (hereinafter the "NCSC") is widely recognized as the industry standard for certification of courtroom interpreters by state courts, and the best interest of the Oklahoma courts requires a credentialing process which is in line with the nationally recognized interpreter certification standards. Such an approach will better equip Oklahoma to participate in national language access initiatives, including Video Remote Interpretation (VRI), a national database of certified interpreters, and reciprocal recognition of certifications granted by other state courts. Accordingly, the certification of spoken language interpreters in the Oklahoma courts shall be based upon the credentialing examinations and standards approved by the NCSC (also known as the Consortium for Language Access in the Courts) and any subsequent versions of those examinations and standards as the NCSC may approve from time to time.

b) To satisfy the oral examination requirements specified in 20 O.S. §1703(B)(Part 1) the Board shall administer the NCSC Court Interpreter Oral Examination for the language being certified. To satisfy the written examination requirements specified in 20 O.S. §1703(B)(Part 2 and Part 3), the Board shall administer the NCSC Court Interpreter Written Examination in its entirety, which shall satisfy the requirements of both Part 2 and Part 3. Notwithstanding any other provision of law, the Board shall not require candidates to achieve scores on either the oral or written exam which are higher than the passing scores generally recognized by the NCSC.

Rule 5. Registered Courtroom Interpreter Requirements

a) To become a Registered Courtroom Interpreter, the candidate must:

1) Meet the general requirements for eligibility, as provided in Rule 3 above;
2) Pass a background check;
3) Complete a two-day interpreter orientation training program;
4) Pass the NCSC Court Interpreter Written Examination;
5) Establish basic proficiency in the foreign language; and
6) Agree in writing to be bound by the Code of Professional Responsibility for Courtroom Interpreters in Oklahoma.

b) Once the interpreter has achieved the status of Registered Courtroom Interpreter, the interpreter is eligible to become a candidate for certification and may apply to sit for the Court Interpreter Oral Examination in the language being certified.

Rule 6. Orientation Training Program

a) The two-day interpreter orientation program prescribed in paragraph (a)(3) of Rule 5 shall be conducted or sponsored by the Board with the assistance of the Administrative Office of the Courts at least once per calendar year.

b) The orientation program shall provide an introductory course to interpreting, including ethics and professionalism, legal procedure and terminology, modes of interpretation, and other substantive topics.

c) The Board shall charge the applicant a fee in an amount approved by the Supreme Court for attendance at the orientation program.

d) Each applicant must fully attend and complete, at the applicant's own expense, the orientation training program before he or she will be eligible to take the court interpreter written examination or the foreign language proficiency assessment.

e) An applicant's credit for attending the orientation training program will remain valid for twenty-four (24) months, unless an exception is granted by the Board. An applicant who fails to attain Registered Interpreter status within that time shall be required to repeat the orientation training program, including payment of the applicable fee, before being allowed to take the court interpreter written examination or the foreign language proficiency assessment.

f) The Board may waive the orientation training requirement if the applicant demonstrates equivalent experience or training to the satisfaction of the Board.

Rule 7. Court Interpreter Written Examination

a) The NCSC Court Interpreter Written Examination prescribed in Rule 5 paragraph (a)(4) shall be conducted at least once per calendar year and shall include sections related to English language and grammar, court-related terms and usage, and the ethical rules and professional conduct of courtroom interpreters.

b) The Board shall charge the applicant a fee in an amount approved by the Supreme Court for the written examination.

c) To pass the written examination, the candidate shall receive an overall score of eighty percent (80%) or better.

d) The written examination shall be administered in accordance with the standards and procedures described in the test administration manuals of the National Center for State Courts (NCSC).

e) An applicant who fails to pass the written examination must wait six (6) months to repeat the examination and may not take the same version of the written examination more than once in a twelve (12) month period.

f) An applicant's credit for passing the written examination will remain valid for twenty-four (24) months, unless an exception is granted by the Board. An applicant who fails to attain Registered Interpreter status within that time shall be required to repeat the written examination, including payment of the applicable fee.

g) An applicant who, within the past twenty-four (24) months, has passed the NCSC written examination in another state with an overall score of eighty percent (80%) or better may apply to the Board for recognition of the score. The applicant shall provide proof to the satisfaction of the Board that the examination and the passing score are substantially comparable to that required by this Rule.

h) The written examination may be administered in conjunction with the two-day orientation program.

Rule 8. Foreign Language Basic Proficiency Assessment

a) To establish a candidate's basic proficiency in a foreign language, as provided in paragraph (a)(5) of Rule 5, the Board shall require the candidate to pass either an oral proficiency interview or a written translation examination.

b) The Board shall charge the applicant a fee in an amount approved by the Supreme Court for the basic foreign language proficiency assessment.

c) The Board, in its sole discretion, shall determine whether an oral proficiency interview or a written translation examination shall be used at any given time for the language being certified.

d) An applicant who fails to pass the basic foreign language proficiency assessment must wait six (6) months to repeat the examination and may not take the same version of the assessment more than once in a twelve (12) month period.

e) An applicant's credit for passing the foreign language proficiency assessment will remain valid for twenty-four (24) months, unless an exception is granted by the Board. An applicant who fails to attain Registered Interpreter status within that time shall be required to repeat the assessment, including payment of the applicable fee.

f) The basic foreign language proficiency assessment may be administered in conjunction with the written examination and the two-day orientation program.

Rule 9. Agreement to Comply with Code of Professional Responsibility

Each interpreter shall acknowledge in writing that he or she has read, understands, and agrees to be bound by the Code of Professional Conduct for Interpreters in the Oklahoma Courts, as set forth in Title 20, Chapter 23, Appendix I.

Rule 10. Fees 

The full fee must be paid for each examination or orientation training taken by a candidate. The fee will be forfeited if the candidate fails to appear for the examination or training, fails to cancel before the applicable deadline, or fails to complete the examination or training, unless an exception is granted by the Board.

Rule 11. Certified Courtroom Interpreter Requirements and Oral Interpreter Examination

a) To become a Certified Courtroom Interpreter in a spoken language, the candidate must:

1) Be currently enrolled as a Registered Courtroom Interpreter in Oklahoma in accordance with these Rules; and
2) Pass the NCSC Court Interpreter Oral Examination in the language being certified.

b) The NCSC Court Interpreter Oral Examination prescribed in the paragraph above shall be conducted at least once per calendar year and shall consist of the following three sections: Simultaneous Interpreting, Consecutive Interpreting, and Sight Translation of Documents. The Sight Translation section of the exam consists of two parts -- sight translation of a document written in English interpreted orally into the non-English language and sight translation of a document written in the non-English language interpreted into oral English.

1) To pass the Court Interpreter Oral Examination, the candidate shall receive an overall score of seventy percent (70%) or better in each of the three sections of the examination. The scores of Part I and Part II of the Sight Translation section are combined for one overall score for that section.

2) The oral examination shall be administered and rated in accordance with the test administration and rating protocols of the NCSC.

3) The Board shall charge the applicant a fee in an amount approved by the Supreme Court for the oral examination.

4) A candidate must pass all three sections in the same test sitting. A candidate who fails to achieve a passing score on one or more of the three sections must re-take the entire oral exam.

5) If more than one version of the NCSC oral examination for the same language is available, an applicant who fails to pass the oral examination must wait six (6) months to re-test, and must take a different version of the examination. An applicant may not take the same version of the oral examination more than once in a twelve (12) month period.

6) An applicant who has passed the NCSC oral examination in another state within the past twenty-four (24) months may apply to the Board for recognition of the score. The applicant shall prove to the satisfaction of the Board that the passing score is substantially comparable to that required by this Rule.

c) For languages in which the NCSC oral exam is unavailable, the Board may utilize an abbreviated NCSC oral examination, if one is available. If no abbreviated NCSC oral examination is available, the Board may, at its discretion, recognize other oral proficiency examinations or interviews on a per-language basis.

Rule 12. Sign Language Interpreters

a) The certification and appointment of qualified legal interpreters for the deaf and hard-of-hearing in the Oklahoma courts shall be governed by the Oklahoma Legal Interpreter for the Deaf and Hard-of-Hearing Act, Title 63, section 2407, et. seq.

b) Individuals holding one or more of the "qualified legal interpreter" certifications specified in 63 O.S. §2408 are authorized to engage in courtroom interpreting and translating in the Oklahoma state courts, and are hereby recognized as "certified" for the purposes of 20 O.S. §1701(A) and §1703(E).

c) The court shall endeavor to obtain the services of a qualified legal interpreter with the highest available level of certification, skill and specialized training, as enumerated in 63 O.S. §2408, prior to accepting services of an interpreter with lesser certification and skill.

d) As provided in 20 O.S. §1710, when good cause is shown and the court has determined that it would not be practical, within a reasonable time frame, to secure the services of a qualified legal interpreter for a deaf or hard-of-hearing individual, the court may utilize the services of a person who does not hold a "qualified legal interpreter" certification recognized in 63 O.S. §2408.

Rule 13. Certification by Reciprocity

a) Foreign language interpreters possessing certification by another state court or federal court interpreter program may apply to the Board for certification without fulfilling the training and examination requirements of these Rules. To qualify, reciprocity candidates shall meet the following requirements to the satisfaction of the Board:

1) Complete an application form,
2) Pass a background check,
3) Pay an application fee in an amount established by the Board and approved by the Supreme Court,
4) Agree in writing to comply with the Code of Professional Responsibility for Interpreters, and
5) Prove that he or she holds a current certification by at least one of the following credentialing authorities:

a) The Federal Court Interpreter Certification Examination Program (FCICE), or
b) Another state court which administers certification examinations developed by the NCSC, or
c) The National Association of Judiciary Interpreters and Translators (NAJIT) Spanish interpreter certification.

b) The applicant must prove to the satisfaction of the Board that the applicant passed the NAJIT, Federal interpreter examinations, or the NCSC interpreter examinations administered in another state and that the applicant's passing scores on the NCSC examinations are substantially comparable to the scores required by these Rules.

c) The applicant must further prove to the satisfaction of the Board that the NAJIT, out-of-state, or federal certification is current in the issuing state or federal program at the time of the request for reciprocity. Those credentials may not be temporary, alternative, or conditional.

d) An interpreter who has been enrolled as a Certified Courtroom Interpreter via the reciprocity process shall be listed on the Oklahoma Courtroom Interpreter registry which is maintained by the Administrative Office of the Courts and may be posted on the Supreme Court's website, with a notation that his or her Oklahoma certification was obtained via reciprocity.

e) The purpose of the reciprocity process is to assist the Oklahoma courts in providing qualified language interpreters. Certification by reciprocity is intended for interpreters who are available and willing to provide interpreting services to the Oklahoma courts. At the discretion of the Board, an out-of-state interpreter who is routinely unable or unwilling to interpret for the Oklahoma courts may be recommended by the Board to the Supreme Court for suspension or revocation.

Rule 14. Background Checks

Whenever these rules require an applicant to pass a background check, the Board is authorized to conduct a criminal history records check, including but not limited to a criminal history record check through the Oklahoma State Bureau of Investigation, or a national criminal history record check through the Federal Bureau of Investigation (FBI) pursuant to 74 O.S. §150.9. Applicants shall furnish all releases, authorizations, fingerprints, or other items necessary to enable the Board to conduct the background check. The Board shall charge the applicant a fee in an amount approved by the Supreme Court for the background check.

Rule 15. Notification of Results of Examination

Each candidate shall be notified in writing by the Board whether he or she has passed or failed an interpreter examination. No portion of any court interpreter examination will be provided to the applicant for review after the examination has concluded. All interpreter examination materials are confidential and shall not be made publicly available.

Rule 16. Enrollment 

a) As provided in 20 O.S. §1702, the Board is authorized to determine and establish levels of interpreter certifications and specialization certificates, as the Board deems necessary and appropriate. Accordingly, the two levels of spoken-language interpreter certification recognized in the Oklahoma courts are "Registered" and "Certified." All candidates who successfully meet the certification requirements set forth in these Rules and have otherwise been found and approved by the Board to be fit and proper persons shall be recommended by the Board to the Supreme Court for official enrollment as Certified or Registered Courtroom Interpreters. Any individual enrolled as a Certified or Registered Interpreter is qualified to engage in courtroom interpreting and translating in the Oklahoma state courts, and is hereby recognized as "a certified courtroom interpreter or translator" for the purposes of 20 O.S. §1703(E). The Administrative Office of the Courts shall maintain the current roll (also referred to as the "registry") of all active Registered and Certified Courtroom Interpreters.

b) Provisional Status Interpreters do not become officially enrolled, and do not hold an official certification. The purpose of provisional status is to provide the courts with a temporary list of minimally qualified interpreters while the Oklahoma interpreter certification program is under development.

c) The court shall endeavor to obtain the services of a courtroom interpreter with the highest available level of credential prior to accepting services of an interpreter with lesser certification and skill.

d) As provided in 20 O.S. §1710, when good cause is shown and the court has determined that it would not be practical, within a reasonable time frame, to secure the services of a Registered or Certified Interpreter, the court may utilize the services of a Provisional Interpreter or other person who does not hold a Registered or Certified credential. Whenever possible, any court proceeding interpreted by a Provisional Interpreter or other person who is not enrolled as a Registered or Certified Interpreter shall be audio recorded and the recording shall be made an official part of the record as required by 20 O.S. §1710 and Supreme Court Rule 1.410.

Rule 17. Abbreviations

Each person enrolled by the Supreme Court as a Certified or Registered Courtroom Interpreter shall thereupon receive an appropriate certificate signed by the Chief Justice of the Supreme Court and attested by the Clerk. Each person enrolled as a Certified Courtroom Interpreter shall be entitled to use the abbreviation C.C.I. after his or her name. Each person enrolled as a Registered Courtroom Interpreter shall be entitled to use the abbreviation R.C.I. after his or her name.

Rule 18. Certificate Renewal

a) Annual Certificate Renewal Fee: Effective January 1, 2016, all persons enrolled as Certified or Registered Courtroom Interpreters shall annually renew their certificate on a form to be provided by the Board, through the office of the Administrative Director of the Courts, and shall pay an annual certificate renewal fee. The amount of the renewal fee shall be set by the Board, with the approval of the Supreme Court.

b) Due Date: The annual renewal form and annual renewal fee must be submitted to the office of the Administrative Director of the Courts on or before February 15 of each year. No fewer than fourteen (14) days before February 15, the Board shall send notification to those interpreters who have not submitted the annual renewal form and/or annual renewal fee. Such notification shall be mailed to the last known address of the interpreter as provided to the Secretary of the Board or the Administrative Office of the Courts.

c) Suspension: Failure to renew a certificate and pay the annual renewal fee on or before February 15 shall result in administrative suspension on that date. In such case, the Board shall provide a list to the Supreme Court of those interpreters and shall recommend the suspension of each interpreter's certificate as a Registered or Certified Courtroom Interpreter. The order of the Supreme Court approving the recommendation of the Board shall operate to suspend the certificate of the interpreter without necessity of a hearing. Such suspension shall be effective on February 15 of that year. The interpreter shall be notified of the suspension by mail to the last known address of the interpreter as provided to the Secretary of the Board or the Administrative Office of the Courts.

d) Delinquent Payment Fee: Every certificate which has not been renewed on or before February 15 shall be subject to a delinquent payment fee. The amount of the delinquent payment fee shall be set by the Board, with the approval of the Supreme Court.

e) Reinstatement: Within two months of the administrative suspension, but not later than April 15 of that year, a certificate suspended for non-renewal may be administratively reinstated, without need for application or hearing, by submission of the renewal form, payment of the annual certificate renewal fee, and payment of the delinquent payment fee.

f) Revocation: A certificate suspended for nonrenewal which has not been reinstated on or before April 15 shall be administratively revoked on that date. In such case, the Board shall provide a list to the Supreme Court of those interpreters and shall recommend the revocation of each interpreter's certificate. The order of the Supreme Court approving the recommendation of the Board shall operate to revoke the certificate of the interpreter without necessity of a hearing. Such revocation shall be effective on April 15 of that year. The interpreter shall be notified of the revocation by mail to the last known address of the interpreter as provided to the Secretary of the Board or the Administrative Office of the Courts.

g) Date of Submission: For purposes of this Rule, the renewal form and any required fees shall be considered submitted to the office of the Administrative Director of the Courts on the date the materials are received in the Administrative Office of the Courts. In all instances where the date of submission is at issue, the interpreter shall have the burden of proving the date the materials were received in the Administrative Office of the Courts. Though it may consider other proof, the Board will accept the following as conclusive proof of the date of receipt: a return receipt of delivery for registered or certified mail from the United States Postal Service; a completed certificate of delivery from a private delivery or courier service other than the United States Postal Service; or the date the materials are stamped received in the office of the Administrative Director.

h) Administrative Procedure: Administrative suspension and revocation of an interpreter's certificate for nonrenewal shall be accomplished as set forth in this Rule. Bona fide hardship exceptions may be considered on a case-by-case basis by the Board, in its sole discretion. The formal disciplinary procedures provided for by the Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Courtroom Interpreters, including the notice and hearing requirements, have no application to administrative suspensions and revocations based solely on failure to renew a certificate.

i) Reinstatement after Revocation: Any interpreter who has had his or her certificate revoked pursuant to this Rule may seek reinstatement only as set forth in Rule 10 of the Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Courtroom Interpreters.

Rule 19. Continuing Education

a) Effective January 1, 2016, every Certified or Registered Courtroom Interpreter must complete a total of eight (8) hours of continuing education per calendar year, which shall include at least two (2) hours which relate to Oklahoma court rules and procedures, beginning in the first calendar year after the interpreter is enrolled. An instructional hour must contain at least fifty (50) minutes.

b) An interpreter may seek an exemption from the continuing education requirement by filing with the Board a written statement, verified under oath, setting forth one of the following grounds for exemption:

1) The interpreter was a member of the armed forces on full-time active duty during the entire calendar year for which the interpreter seeks an exemption; or

2) A medical condition has prevented the interpreter from working as an interpreter and completing continuing education for the calendar year for which the interpreter seeks an exemption. Written verification by a licensed physician must accompany such an exemption request.

Rule 20. Annual Continuing Education Report

a) Hours Must be Earned During Calendar Year: Unless an exemption request has been approved by the Board, the required number of continuing education hours must be earned during the calendar year, defined as January 1 through December 31, or carried over from the previous year. Failure to obtain the requisite number of continuing education hours on or before December 31 of the year in which they are required shall result in a continuing education penalty fee. The amount of the continuing education penalty fee shall be set by the Board, with the approval of the Supreme Court.

b) Carryover of Credit Hours to Subsequent Years: Up to eight (8) hours of earned continuing education in excess of the annual required minimum, including two (2) hours related to Oklahoma court rules and procedure, may be carried forward for credit in the following calendar year. However, such hours must be reported in the annual report of compliance for the year in which they were completed and also included on the report for the following year. Hours carried forward must be designated as such on the annual report.

c) Annual Continuing Education Compliance Report: On or before February 15 of each year, all interpreters required to earn continuing education hours shall file a compliance report documenting the previous year's continuing education, on a form to be provided by the Board, through the office of the Administrative Director of the Courts. If the compliance report includes any continuing education hours which were earned after December 31 of the previous year, the report shall be accompanied by payment of the continuing education penalty fee. In no case may continuing education hours be used to satisfy more than one calendar year's minimum requirement.

d) Due Date: The continuing education compliance report, and any applicable continuing education penalty fee, must be submitted to the office of the Administrative Director of the Courts on or before February 15 of each year. No fewer than fourteen (14) days before February 15, the Board shall send notification to those interpreters who have not fulfilled the continuing education requirement for the previous year and/or submitted the continuing education compliance report. Such notification shall be mailed to the last known address of the interpreter as provided to the Secretary of the Board or the Administrative Office of the Courts.

e) Suspension: Failure to earn the required continuing education hours, to submit a completed compliance report, and/or to pay any applicable continuing education penalty fee on or before February 15 shall result in administrative suspension on that date. In such case, the Board shall provide a list to the Supreme Court of those interpreters and shall recommend the suspension of each interpreter's enrollment as a Registered or Certified Courtroom Interpreter. The order of the Supreme Court approving the recommendation of the Board shall operate to suspend the certificate of the interpreter without necessity of a hearing. Such suspension shall be effective on February 15 of that year. The interpreter shall be notified of the suspension by mail to the last known address of the interpreter as provided to the Secretary of the Board or the Administrative Office of the Courts.

f) Continuing Education Suspension Fee: Any interpreter whose certificate has been administratively suspended as provided in paragraph (e) of this rule shall be subject to a continuing education suspension fee. The amount of the continuing education suspension fee shall be set by the Board, with the approval of the Supreme Court.

g) Revocation: Within two (2) months of the administrative suspension, but not later than April 15 of that year, a suspended interpreter may be administratively reinstated, without need for application or hearing, by submission of a completed compliance report indicating fulfillment of all continuing education requirements for the previous calendar year, payment of any applicable penalty fee, and payment of the continuing education suspension fee. A suspended certificate which has not been reinstated on or before April 15 shall be administratively revoked on that date. In such case, the Board shall provide a list to the Supreme Court of those interpreters and shall recommend the revocation of each interpreter's certificate as a Registered or Certified Courtroom Interpreter. The order of the Supreme Court approving the recommendation of the Board shall operate to revoke the certificate of the interpreter without necessity of a hearing. Such revocation shall be effective on April 15 of that year. The interpreter shall be notified of the revocation by mail to the last known address of the interpreter as provided to the Secretary of the Board or the Administrative Office of the Courts.

h) Date of Submission: For purposes of this Rule, the continuing education compliance report and any required penalty fee or suspension fee shall be considered submitted to the office of the Administrative Director of the Courts on the date the materials are received in the Administrative Office of the Courts. In all instances where the date of submission is at issue, the interpreter shall have the burden of proving the date the materials were received in the Administrative Office of the Courts. Though it may consider other proof, the Board will accept the following as conclusive proof of the date of receipt: a return receipt of delivery for registered or certified mail from the United States Postal Service; a completed certificate of delivery from a private delivery or courier service other than the United States Postal Service; or the date the materials are stamped received in the office of the Administrative Director.

i) Administrative Procedure: Administrative suspension and revocation of an interpreter's certificate for noncompliance with continuing education requirements shall be accomplished as set forth in this Rule. Bona fide hardship exceptions may be considered on a case-by-case basis by the Board. The formal procedures provided for by the Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Courtroom Interpreters, including the notice and hearing requirements, have no application to administrative suspensions and revocations based solely on failure to meet continuing education requirements.

j) Reinstatement after Revocation: Any interpreter who has had his or her certificate revoked pursuant to this Rule may seek reinstatement only as set forth in Rule 10 of the Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Courtroom Interpreters.

Rule 21. Standards Governing Approval of Continuing Education Programs 

The following standards will govern the approval of continuing education programs by the Board.

a) The program must have significant intellectual or practical content and its primary objective must be to increase the interpreter's professional competence as a courtroom interpreter.

b) The program must be offered by a sponsor with demonstrated ability to organize and effectively present continuing education for courtroom interpreters. Demonstrated ability arises partly from the extent to which individuals with court interpreting and/or legal training or educational experience are involved in the planning, instruction and supervision of the program.

c) The program itself must be conducted by an individual or group qualified by practical or academic experience. The program including the named advertised presenters must be conducted substantially as planned, subject to emergency withdrawals and alterations.

d) Thorough, high quality, readable, and carefully prepared written materials must be made available to all participants at or before the time the course is presented, unless the absence of such materials is recognized as reasonable and approved by the Board.

e) The program must be conducted in a comfortable physical setting, conducive to learning and equipped with suitable writing surfaces.

f) Approval for credit may be given for programs where audiovisual recorded or reproduced material is used. Audio-video recordings of continuing education programs shall qualify for continuing education credit in the same manner as a live continuing education program provided: 1) the original program was approved for continuing education credit as provided in these rules, or the visual recorded program has been approved by the Board under these rules, and 2) each person attending the video presentation is furnished written materials which meet the requirements set forth above.

g) Approval for credit may be granted for computer-based or other technology-based continuing education programs which otherwise meet the criteria established in these rules, subject to standard course approval procedures and appropriate certification of course completion.

h) Programs that cross academic lines may be considered for approval except for that portion of the education which must relate to Oklahoma Court Rules and Procedures.

i) Continuing education programs sponsored by the following organizations are presumptively approved for credit, provided that the standards set out in these rules are met:

1) The National Center for State Courts (NCSC), including the Language Access Advisory Committee (LAAC) of the Council of State Court Administrators (COSCA) and the Counsel of Language Access Coordinators (CLAC). This presumption shall include programs approved by the NCSC, LAAC or CLAC for continuing education credit which are conducted by an entity other than the NCSC, LAAC or CLAC.
2) The Administrative Office of the Courts.

j) Approved seminars may be advertised in informational brochures and program materials provided by the sponsoring body. The organizations whose programs are presumptively approved shall give adequate notice to attendees that a program or seminar it conducts is not approved for continuing education credit in the event the program or seminar does not meet the standards set forth above. The Board may at any time re-evaluate and grant or revoke presumptive approval of a provider.

k) Any organization not included paragraph i above desiring approval of a course or program shall apply to the Board by submitting an application in letter form with supporting documentation at least ninety (90) days prior to the date for which the course or program is scheduled. The Secretary of the Board will advise the applicant in writing by mail whether the program is approved or disapproved.

l) The application required by paragraph k, above, must contain the following information, in written form:

1) The location of the training;
2) The date of the training;
3) A complete agenda of the training, to include the faculty; and
4) The number of hours of training to be dedicated to Oklahoma Court Rules and Procedures.

m) An interpreter desiring approval of a course or program which has not otherwise been approved shall apply to the Board by submitting an application in letter form with supporting documentation as follows:

1) If approval is requested before the course or program is presented, the application and supporting documentation shall be submitted at least sixty (60) days prior to the date for which the course or program is scheduled.
2) If approval is requested after the applicant has attended a course or program, the application and supporting documentation shall be submitted within ninety (90) days after the date the course or program was presented or prior to the end of the calendar year in which the course or program was presented, whichever is earlier.

n) The Secretary of the Board shall advise the interpreter by mail whether the program is approved or disapproved. If the course is approved, the interpreter(s) attending the course for credit must arrange with the provider to provide directly to the Board a list of attendees as provided in paragraph q below. Verification of attendance will not be accepted directly from the interpreter, unless such verification is recognized as reasonable and approved by the Board.

o) The provider of an approved continuing education program may announce or indicate as follows:

This course has been approved by the State Board of Examiners of Certified Courtroom Interpreters for ________ hours of CE credit.

p) The Board or the Administrative Office of the Courts, upon approval of a continuing education program or the announcement of a continuing education program by an approved sponsor, may submit to the program provider a list of name and address information of credentialed Oklahoma interpreters or mailing labels for those interpreters. It is the responsibility of the sponsor to notify interpreters of the training and to request the mailing list.

q) Within thirty days (30) days following an approved continuing education program, the sponsor or accrediting entity shall furnish to the Board and/or the Administrative Office of the Courts an alphabetized list of attendees. No other verification of attendance at any continuing education program will be accepted, unless such verification is recognized as reasonable and approved by the Board.

r) Sponsors of the seminars or courses qualifying for continuing education credits shall keep records of attendance for a period of two (2) years following the date of the course or seminar.

Rule 22. Voluntary Inactive Certificate Status

a) A person enrolled in good standing as a Certified or Registered Courtroom Interpreter may apply to the Board to have his/her certificate placed in voluntary inactive status. Such application must be in writing, in letter form, and submitted to the office of the Administrative Director of the Courts.

b) To qualify for inactive status, an interpreter's certificate must be current. Unless waived by the Board, a payment of any accrued certificate renewal fee, delinquent payment fee, continuing education penalty fee, or continuing education suspension fee must be submitted with the application for inactive status. If the interpreter's certificate is current and in good standing, no fee is required to apply for inactive status.

c) Qualifying applications for voluntary inactive status may be granted without formal action by the Board.

d) The Board shall deny a request to place an interpreter in inactive status if there are any current or pending complaints or formal disciplinary actions against the interpreter, or if the interpreter's certificate is revoked or suspended pursuant to formal disciplinary action.

e) An interpreter who holds an inactive certificate will be exempt from certificate renewal fees and continuing education requirements. However, the holder of an inactive certificate may not engage in the practice of courtroom interpreting in Oklahoma.

f) An interpreter who holds an inactive certificate may apply to the Board to have his or her certificate reinstated to active status within twelve (12) months from the date on which the inactive status became effective. Such reinstatement application must be in writing, in letter form, and submitted to the office of the Administrative Director of the Courts, and shall be accompanied by the following, unless waived by the Board:

1) Payment of an amount equal to the annual certificate renewal fee; and
2) Payment of a reinstatement fee, in an amount to be determined by the Board and approved by the Supreme Court.

g) Interpreters may not use inactive status in order to avoid continuing education requirements. Unless waived by the Board, any interpreter seeking reinstatement from inactive status who failed to meet the continuing education requirements applicable during his or her final year as an active interpreter must provide proof of completion of eight (8) hours of continuing education within the twelve (12) months immediately preceding the date of reinstatement request.

h) Unless an exception is granted by the Board, an interpreter whose certificate has been in inactive status for more than twelve (12) months is not eligible for reinstatement as provided in this Rule, and must pass the examinations and other certification requirements provided in the statutes and rules applicable to Registered and Certified Courtroom Interpreters.

Rule 23. Electronic Mail

The Board may send any notices required by these rules and other official communications via email if the interpreter has provided an email address to the Board for such purposes. Email correspondence from the Board shall be sent to the last known email address of the interpreter as provided to the Secretary of the Board or the Administrative Office of the Courts. It shall be the responsibility of the interpreter to notify the Board regarding any change of email address.

Rule 24. Immunity

The members of the Board, the Administrative Director of the Courts, the Administrative Office of the Courts, and their agents and employees who participate in the implementation of these Rules and the administration of Oklahoma's Certified Courtroom Interpreter program, shall be considered as acting officially as an arm of the Supreme Court of the State of Oklahoma, and shall enjoy immunity from civil liability to the fullest extent recognized by federal and state law.





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.